**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KUNSTATELIERS SLABBINCK NV**<br>**Lieven Bauwensstraat 18 B**<br>**8200 Sint-Andries (Bruges)**<br>**Belgium** | :<br>:<br>:  **CIVIL ACTION NO.**<br>: |
| | : |
| **PLAINTIFF,** | :  **JURY TRIAL DEMANDED**<br>: |
| **v.** | :<br>: |
| | : |
| **CHRISTIAN BRANDS, INC.**<br>**5226 South 31st Place**<br>**Phoenix, Arizona** | :<br>:<br>: |
| | : |
| **DEFENDANT.** | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, PASSING OFF, UNFAIR**
**COMPETITION AND FALSE ADVERTISING**

1.      This is an action for copyright infringement arising under the copyright laws of

the United States, 17 U.S.C. §§ 101 et seq., and for related claims of unfair competition and false

designation of origin and false description or representation of fact arising under the trademark

and unfair competition laws of the United States, 15 U.S.C. §§ 1051 et seq. and for related

claims of unfair competition and trademark infringement under the common laws of

Pennsylvania.

**THE PARTIES**

2.      Plaintiff KUNSTATELIERS SLABBINCK NV ("SLABBINCK"), formerly

known as Art Studio Slabbinck, is a Belgian corporation with its principal place of business

located at Lieven Bauwensstraat 18 B, 8200 Sint-Andries (Bruges), Belgium.  At all times

relevant hereto, SLABBINCK has been conducting business in the Eastern District of

Pennsylvania.

3.      Defendant CHRISTIAN BRANDS, INC. ("CHRISTIAN BRANDS") also known as AUTOM, INC., is an Arizona corporation with its principal place of business located at 5226 South 31st Place, Phoenix, Arizona.  At all times relevant hereto, CHRISTIAN BRANDS has been conducting business in the Eastern District of Pennsylvania.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1338(a) and 1338(b), and 28 U.S.C. § 1367(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL COUNTS

6.      SLABBINCK is, and has been at all times relevant to the matters alleged in this Complaint, engaged in the business of designing, creating, producing, distributing, promoting, marketing, and selling original church supplies and clerical apparel, including, but not limited to, chasubles, stoles, altar cloths and linens, tapestries, clergy shirts and other vestments.

7.      In 2012, SLABBINCK created a model of chasuble, which on the front has a Lamb of God and on the back an embroidery of "IHS" (style ref. 5052) ("the Design").  The image of the Design is pasted below and included in Exhibit "A."



8.     This product depicts two-dimensional artwork, which is original with SLABBINCK and is copyrightable subject matter pursuant to the copyright laws of the United States (17 U.S.C. §§ 101 *et. seq*.).

9.     In 2012, SLABBINCK included the Design and product featuring the Design in its product catalog called "Slabbinck 2013-2015," which was published in October 2012 in many countries including the United States ("Catalog").  A screenshot of the relevant page is pasted below.  Copies of the cover page and relevant page 23 of the Catalog are attached hereto as Exhibit "A."



10.     In September 2015, SLABBINCK duly complied with all United States copyright laws and secured the exclusive rights and privileges in and to the copyright of the Design as part of the Catalog.   SLABBINCK received from the Register of Copyrights the Certificate of Registration No. TX 8-092-396 with the effective date of registration September 8, 2015.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "E."

11.     SLABBINCK is currently, and has been at all times relevant, the sole owner of all rights, title and interest in and to the copyright in the Design published in its 2013-2015 catalog, including the product described in Paragraph 7 above.   SLABBINCK has produced and distributed the products in strict conformity with United States copyright laws.

12.     On information and belief, defendant CHRISTIAN BRANDS, has knowingly, willfully and without legal justification or authorization, copied in whole or in part, the Design owned by SLABBINCK, which is covered by Registration No. TX 8-092-396.

13.     CHRISTIAN BRANDS copied SLABBINCK's Design for the specific purpose of infringing SLABBINCK's copyright and selling illegal and unauthorized copies of this copyrighted work.

- 4 -

14.   Since at least as early as August 2015, CHRISTIAN BRANDS has been reproducing, distributing, marketing, promoting, advertising, offering for sale, selling and otherwise disposing of illegal and unauthorized copies of the copyrighted work identified in Paragraph 7, in the form of chasubles additionally identifying them as R.J. Toomey and Bruges Collection. A screencapture is displayed below.



15.   True and correct copies of defendant CHRISTIAN BRANDS' infringing work, which is advertised for sale on CHRISTIAN BRANDS' website located at <cbchurchsupply.com>, screenshots are attached hereto as Exhibit "D."

16.   SLABBINCK's IHS Design is not only a copyright work, but also operates as a distinctive design trademark.  SLABBINCK has expended considerable resources developing, advertising, marketing, and promoting all of its products identified by the Design, a unique and distinctive design trademark, including those listed in Paragraph 7 above, and has enjoyed substantial commercial success as a result thereof.

17.     SLABBINCK's Design mark is arbitrary and fanciful and inherently distinctive, and has also acquired further distinctiveness in the marketplace through the consumers' association of products identified by SLABBINCK's Design mark.

18.     On information and belief, CHRISTIAN BRANDS is knowingly and willfully attempting to pass its products off as if they are SLABBINCK's in a manner calculated to confuse, mislead, and deceive SLABBINCK's customers and members of the general public as to the origin of the products, in that defendant CHRISTIAN BRANDS has directly copied the artwork and design from SLABBINCK's copyrighted work and its products bearing the Design mark in an effort to make defendant's infringing products confusingly similar to SLABBINCK's.

19.     On information and belief, CHRISTIAN BRANDS is knowingly and willfully attempting to pass its products off as if they are SLABBINCK's in a manner calculated to confuse, mislead, and deceive SLABBINCK's customers and members of the general public as to the origin of the products or as to the affiliation, sponsorship or connection, in that defendant CHRISTIAN BRANDS uses the "Bruges Collection" trademark (or product name or designation) to identify its chasubles.

20.     Bruges (Brugge in Dutch) is the capital and largest city of the province of West Flanders in the Flemish Region of Belgium.  At one time it was the "chief commercial city" of the world.

21.     Bruges is the city where Henry Slabbinck created the Art Studio Slabbinck in or about 1903, the predecessor of SLABBINCK, and where SLABBINCK has been and is located throughout its history.

22.     On information and belief, CHRISTIAN BRANDS is not located in Bruges, Belgium, nor are its products manufactured there.

23.     CHRISTIAN BRANDS and SLABBINCK were the parties to a related case in this Court captioned as Civil Action No. CV-01714.  On or about April 19, 2010, Slabbinck commenced the action against Defendant, seeking injunctive and other relief for Defendant's copyright infringement of SLABBINCK's Chalice, Bread with Cross and Ichtus (fish) design as covered by U.S. Copyright Registration No. VA 1-706-657 and for related claims of unfair competition and false designation of origin and false description or representation of fact arising under the trademark and unfair competition laws of the United States and for related claims of unfair competition, trademark infringement under the statutory and common laws of Pennsylvania.

24.     The Parties and specifically CHRISTIAN BRANDS agreed to the terms of a Stipulated Consent Order and Permanent Injunction, which was signed by Judge Berle M. Schiller on September 13, 2010 ("Consent Judgment"), to resolve all issues in the litigation.  A copy of the Consent Judgment, together with a copy the Complaint in Civil Action No. CV-01714 including relevant images, are attached as Exhibits "B" and "C."

25.     The Consent Judgment required, among other things, that CHRISTIAN BRANDS and related persons to be enjoined and restrained from infringing SLABBINCK's U.S. Copyright Registration No. VA 1-706-657 and using the Chalice, Bread with Cross and Ichtus (fish) design depicted in a number of SLABBINCK's products or any variation and the BRUGGE designation on any of its products.

26.     On information and belief, defendant CHRISTIAN BRANDS, has knowingly, willfully and without legal justification or authorization, has violated the Consent Judgment by again copying the design owned by SLABBINCK (subject to Civil Action No. CV-01714) and resumed reproducing, distributing, marketing, promoting, advertising, offering for sale, selling

and otherwise disposing of illegal and unauthorized copies of the copyrighted work, in the form

of altar linens, and also using the BRUGES designation, which is the equivalent of the BRUGGE

designation.

27.     Simultaneously with filing this Action, SLABBINCK is moving this Court to

reopen Civil Action No. CV-01714 and find CHRISTIAN BRANDS in contempt and impose

sanctions on it.

28.     On information and belief, CHRISTIAN BRANDS is knowingly and willfully

attempting to pass its products off as if they are SLABBINCK's by identifying them with the

"Bruges Collection" trademark (or product name) to identify its chasubles in a manner calculated

to confuse, mislead, and deceive SLABBINCK's customers and members of the general public

as to the origin of its products.

29.     CHRISTIAN BRANDS' infringing products are significantly inferior in quality to

SLABBINCK's well-known and respected products.

30.     CHRISTIAN BRANDS' conduct has confused, and is likely to continue to

confuse the public.

31.     Also, SLABBINCK and CHRISTIAN BRANDS are substantially the same

parties that were involved in prior action in this Court with similar, if not identical, issues, but

different copyrighted designs.  SLABBINCK, or its predecessor, in 1996, filed an action against

Autom, Inc., the predecessor of CHRISTIAN BRANDS (and another party) in this Court.  The

Court commenced Civil Action No. 96-6856 on October 7, 1996 (the "1996 Action" or "Civil

Action No. 96-6856").

32.     While Autom, Inc. (CHRISTIAN BRANDS) denied copyright infringement and

passing off (unfair competition) in the 1996 Action, the dispute was settled in 1997, without an

admission of liability on the part of Autom, Inc. (CHRISTIAN BRANDS), Autom, Inc. agreed to stop selling the accused infringing products and paid an unspecified sum of money in exchange for SLABBINCK's release of all its claims.

33.     CHRISTIAN BRANDS' involvement in Civil Action No. 96-6856 and Civil Action No. CV-01714 and in the conduct subject to the present action, as a minimum, demonstrates CHRISTIAN BRANDS' bad faith in copying SLABBINCK's copyrighted design and trading on the goodwill established by SLABBINCK.

34.     CHRISTIAN BRANDS, in its commercial advertising and promotion has caused, and will continue to cause, its products to enter into interstate commerce with false and misleading descriptions and representations of fact connected therewith.  Purchasers can and will rely upon such false and misleading representations and purchase defendant's products over SLABBINCK's.

35.     The natural, probable, and foreseeable result of CHRISTIAN BRANDS' wrongful conduct has been, and will continue to be, to deprive SLABBINCK of the benefits of selling its copyrighted work and its products bearing SLABBINCK's Design, to deprive SLABBINCK of goodwill, and to injure SLABBINCK's reputation and relations with present and prospective customers.

36.     SLABBINCK has lost, and will continue to lose, substantial revenue from the sale of its copyrighted work, and will sustain damage as a result of CHRISTIAN BRANDS' wrongful conduct and production and sale of its infringing products.  The defendant's wrongful conduct has already deprived, and will continue to deprive, SLABBINCK of opportunities for expanding its sales and goodwill.

37.     On information and belief, CHRISTIAN BRANDS intends to continue its course of conduct and wrongfully to use, infringe upon, sell and otherwise profit from SLABBINCK's copyrighted works and goodwill.  As a direct and proximate result of the defendant's acts, SLABBINCK has suffered irreparable harm and damages including, but not limited to, lost profits.  SLABBINCK has no adequate remedy at law to redress all of the injuries that defendant has already caused, and will continue to cause, by its unlawful conduct.  SLABBINCK will continue to suffer irreparable damages and sustain lost profits until defendant is enjoined by this Court.

## COUNT I

## COPYRIGHT INFRINGEMENT

38.     SLABBINCK incorporates by reference the allegations contained in Paragraphs 1-37 as if fully set forth herein.

39.     This Count is for copyright infringement in violation of the Copyright Laws of the United States, 17 U.S.C. §§ 101 et seq.

40.     By its actions, CHRISTIAN BRANDS has infringed, and will continue to infringe, SLABBINCK's Copyright in the Design by reproducing, marketing, promoting, advertising, distributing, offering for sale, selling, and placing upon the market products which are copies of SLABBINCK's copyrighted work.

41.     SLABBINCK is entitled to a preliminary and permanent injunction restraining defendant CHRISTIAN BRANDS, its directors and officers, agents, servants, employees, and all other persons acting in concert or privity or in participation with them, from engaging in any further such acts in violation of the copyright laws of the United States.

- 10 -

42.     SLABBINCK is further entitled to recover from CHRISTIAN BRANDS, all damages it has sustained, and will continue to sustain, including, but not limited to, costs and attorney fees and any gains, profits and advantages obtained by defendant as a result of its infringing acts, or in lieu thereof, statutory damages, whichever amount is greater.  At present, SLABBINCK cannot fully ascertain the amount of such damages, gains, profits and advantages.

WHEREFORE, plaintiff SLABBINCK demands judgment in its favor and against defendant CHRISTIAN BRANDS, and requests the following relief:

A.     That the Court find that defendant CHRISTIAN BRANDS has infringed SLABBINCK's copyright in SLABBINCK's Design;

B.     That CHRISTIAN BRANDS, its directors and officers, agents, servants, employees, and all other persons acting in concert or privity or in participation with it, be preliminary and permanently enjoined, including during the pendency of this action, from infringing SLABBINCK's copyright in the copyrighted work in any manner, and from reproducing, marketing, promoting, advertising, distributing, offering for sale, selling, or otherwise disposing of any infringing copies, and participating in or furthering any infringing acts;

C.     That CHRISTIAN BRANDS, its directors and officers, agents, servants, employees and all other persons acting in concert or privity or in participation with it, be required to deliver upon an oath, to be impounded during the pendency of this action and for destruction, all infringing copies and other means of any kind for making infringing copies of SLABBINCK's copyrighted work;

D.     That CHRISTIAN BRANDS be required to account for and pay to SLABBINCK all gains, profits and advantages derived by defendant for each act of infringement of

SLABBINCK's copyright in the copyrighted work, in accordance with proof, and pay to SLABBINCK such actual damages as SLABBINCK has sustained in consequence of each infringement, in accordance with proof, or such statutory damages as this Court shall deem proper pursuant to the copyright laws of the United States;

E.     That CHRISTIAN BRANDS pay to SLABBINCK all costs of this action, including reasonable attorneys' fees; and,

F.     That SLABBINCK be awarded such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (FALSE DESIGNATION OF ORIGIN/FALSE ADVERTISING)

43.     SLABBINCK incorporates by reference the allegations contained in paragraphs 1-42 above, as if fully set forth herein.

44.     This Count is for false designation of origin and false advertising arising under the trademark and unfair competition laws of the United States (15 U.S.C. § 1125(a)) and under the common law.

45.     Upon information and belief, CHRISTIAN BRANDS in its commercial advertising and promotion including use of the "Bruges Collection" designation and other distinctive features in SLABBINCK's products described in Paragraph 7 above has allowed, and is continuing to allow, its products to enter interstate commerce with representations or descriptions of fact connected therewith which are literally false and are also, willfully and knowingly, misleading as to the nature, characteristics and qualities of such goods, and in so doing has used a false description or representation which has harmed, and will continue to harm, SLABBINCK's reputation and damage SLABBINCK's goodwill.

46.     SLABBINCK is entitled to an injunction restraining CHRISTIAN BRANDS, its directors and officers, agents, servants, employees, and all other persons acting in concert or privity or in participation with it, from engaging in any further such acts of false advertising in violation of the trademark and unfair competition laws of the United States, and the common law.

47.     SLABBINCK is further entitled to recover from CHRISTIAN BRANDS all damages, including costs, it has sustained and will sustain, and any gains, profits and advantages obtained by defendant as a result of its acts of false advertising, and treble damages and attorney fees as a result of defendant's purposeful acts of false advertising.  At present, SLABBINCK cannot fully ascertain the amount of such damages, gains, profits and advantages.

WHEREFORE, plaintiff SLABBINCK demands judgment in its favor and against defendant CHRISTIAN BRANDS, and requests the following relief:

A.     A finding by this Court that defendant CHRISTIAN BRANDS has used false descriptions or representations of fact in its commercial advertising and promotion of its products;

B.     That CHRISTIAN BRANDS, its directors and officers, agents, servants, employees, and all other persons acting in concert or privity or in participation with it, be enjoined during the pendency of this action, and permanently, from falsely advertising in any manner, and from reproducing, marketing, promoting, advertising, distributing, offering for sale, selling, or otherwise disposing of any products connected with acts of false advertising, and participating in or furthering any false advertising acts;

C.     That CHRISTIAN BRANDS, its directors and officers, agents, servants, employees and all other persons acting in concert or privity or in participation with them, be

- 13 -

required to deliver upon an oath, to be impounded during the pendency of this action and for destruction, all copies of their false advertising and promotional materials;

D.     That CHRISTIAN BRANDS be required to account for and pay to SLABBINCK all gains, profits and advantages derived by CHRISTIAN BRANDS for each act of false advertising, in accordance with proof, and pay to SLABBINCK such actual damages as SLABBINCK has sustained in consequence of each act of false advertising, in accordance with the proof;

E.     That CHRISTIAN BRANDS pay SLABBINCK all costs of this action;

F.     A finding by this Court that CHRISTIAN BRANDS' conduct constitutes an "exceptional case" entitling SLABBINCK to attorneys' fees and treble damages under the trademark and unfair competition laws of the United States; and

G.     That SLABBINCK be awarded such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III

## COMMON LAW UNFAIR COMPETITION
### (PASSING OFF)

48.     SLABBINCK incorporates by reference the allegations contained in Paragraphs 1-47, as if fully set forth herein.

49.     This Count is for passing off (also referred to as "palming off") arising under unfair competition and trademark infringement common laws of Pennsylvania.

50.     On information and belief, CHRISTIAN BRANDS has in the past, and now continues to knowingly and willfully copy SLABBINCK's distinctive artwork, SLABBINCK's Design trademark, the designation "Bruges Collection"  and other distinctive features in

SLABBINCK's products described in Paragraph 7 above, and is reproducing, marketing, promoting, advertising, distributing, offering for sale, selling, and otherwise disposing of confusingly similar works in interstate commerce, and in so doing has used a false designation of origin and has given a false description or representation that such products are SLABBINCK's. The defendant's actions are likely to confuse, mislead and deceive SLABBINCK's customers and members of the general public into believing that defendant's products are SLABBINCK's, which have already harmed, and will continue to harm, SLABBINCK's reputation and damage SLABBINCK's goodwill.

51.     SLABBINCK is entitled to a preliminary and permanent injunction restraining CHRISTIAN BRANDS, its directors and officers, agents, servants, employees, and all other persons acting in concert or privity or in participation with it, from engaging in any further such acts in violation of the trademark and unfair competition laws of the United States as well as the common law.

52.     SLABBINCK is further entitled to recover from CHRISTIAN BRANDS all damages it has and will sustain, including, but not limited to, costs, gains, profits and advantages obtained by defendant as a result of its deliberate acts of passing off, and treble damages and attorney fees.  At present, SLABBINCK cannot fully ascertain the amount of such damages, costs, gains, profits and unfair advantages.

WHEREFORE, plaintiff SLABBINCK demands judgment in its favor and against defendants CHRISTIAN BRANDS and requests the following relief:

A.     That the Court find that defendant CHRISTIAN BRANDS has passed off its goods as SLABBINCK's;

B.     That CHRISTIAN BRANDS, its directors and officers, agents, servants, employees, and all other persons acting in concert or privity or in participation with it, be enjoined during the pendency of this action and permanently, from passing off its goods as SLABBINCK's works in any manner, and from reproducing, marketing, promoting, advertising, distributing, offering for sale, selling, or otherwise disposing of any copies of the infringing or passed off works, and participating in, or furthering, any other acts of passing off;

C.     That CHRISTIAN BRANDS, its directors and officers, agents, servants, employees and all other persons acting in concert or privity or in participation with it, be required to deliver upon an oath, to be impounded during the pendency of this action and for destruction, all passed off copies, and other means of any kind for passing off defendant's products as SLABBINCK's;

D.     That CHRISTIAN BRANDS be required to account for and pay to SLABBINCK, all gains, profits and advantages derived by defendant for each act of passing off its goods as SLABBINCK's, in accordance with proof, and to pay to SLABBINCK such actual damages as SLABBINCK has sustained in consequence of each passing off, in accordance with proof;

E.     That CHRISTIAN BRANDS pay to SLABBINCK all costs of this action;

F.     That CHRISTIAN BRANDS pay to SLABBINCK an Order awarding to SLABBINCK prejudgment and post-judgment interest; and,

G.      That SLABBINCK be awarded such other and further relief as this Court deems just and proper under the circumstances.

**DUANE MORRIS LLP**

November 17, 2015                    By: /s/ Maxim A. Voltchenko
                                     Lewis F. Gould, Jr. (Pa. No. 4432)
                                     Patrick J. Kearney (Pa. No. 91046)
                                     Maxim A. Voltchenko (Pa. No. 201274)
                                     30 South 17th Street
                                     Philadelphia, PA 19103
                                     Phone (215) 979-1000
                                     Fax (215) 979-1020
                                     *Attorneys for Plaintiff KUNSTATELIERS*
                                     *SLABBINCK NV*
                                     DM2\6244734.3